UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DARRELL ROOSEVELT GRUBBS JR        CASE NO.  6:23-CV-01092

VERSUS                             JUDGE DAVID C. JOSEPH

CHRISTINE WORMUTH                  MAGISTRATE JUDGE DAVID J. AYO

## REPORT AND RECOMMENDATION

Before this Court is a MOTION TO DISMISS filed by defendant Christine Wormuth, Secretary of the Army ("Secretary"). (Rec. Doc. 13). The motion is opposed. (Rec. Doc. 15). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that the Secretary's instant motion be GRANTED in full and, accordingly, that Plaintiff's claims under the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, *et seq.*, be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and that Plaintiff's remaining claims, construed as claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, also be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

## Factual Background

Plaintiff Darrell Roosevelt Grubbs, Jr. ("Grubbs") is a former enlisted member of the Louisiana Army National Guard. (Rec. Docs. 1, 13-2 at p. 2). Grubbs was called to active duty and deployed to Iraq from on or about December 4, 2004 until February

12, 2005 in support of Operation Iraqi Freedom. (Rec. Doc. 13-2 at p. 2). Based on events occurring during Grubbs' deployment, he was tried by Special Court Martial and adjudged guilty on February 13, 2005 of three charges, to wit: failure to report to place of assigned duty in violation of Uniform Code of Military Justice Art. 86, failure to obey an official order and being disrespectful in comportment before a noncommissioned officer in violation of 10 U.S.C. § 891, and communication of a threat of bodily harm to a superior officer in violation of 10 U.S.C. § 934. (Rec. Doc. 13-2 at p. 3). Grubbs was sentenced to a reduction in rank to E-1, confinement for a term of three months, and a bad-conduct discharge. (*Id.*). Grubbs' sentence was approved by Order dated August 7, 20025. (*Id.* at pp. 3–4).

Grubbs was tried by a second Special Court Martial and found guilty of five charges, arising from events occurring after his redeployment to Fort Johnson,[1] to wit: being absent without leave in violation of 10 U.S.C. § 886; resisting apprehension by military police on or about June 6, 2005 in violation of 10 U.S.C. § 895; unlawfully possessing cocaine and marijuana on or about June 6, 2005 in violation of 10 U.S.C. § 912a; and bringing a concealed, unregistered firearm on to Fort Johnson as prohibited by a lawful general regulation in violation of 10 U.S.C. § 892. (Rec. Doc. 13-2 at p. 9). Grubbs' sentence as to these violations, adjudged on August 24, 2005, was forfeiture of pay in the amount of $823.00 per pay period for a term of eight months, confinement for a term of eight months, and a bad-conduct discharge. (*Id.*).

---

[1]    At the time of Grubbs' second Special Court Martial in 2005, Fort Johnson was named "Fort Polk." (Rec. Doc. 13-2 at p. 9).

This sentence was modified and approved as forfeiture of pay in the amount of $823.00 per pay period for a term of six months, confinement for a term of six months, and a bad-conduct discharge. (*Id.* at p. 10).

After completion of his sentences of pay forfeiture and confinement, Grubbs was separated from the Army on July 25, 2007. (Rec. Doc. 13-2 at p. 2). Consistent with his sentence, Grubbs received a bad-conduct discharge from service. (*Id.*). Grubbs appealed his bad-conduct discharge to the Army Discharge Review Board ("ADRB") on April 22, 2012. (*Id.* at pp. 11–12). By letter dated October 22, 2012 the ADRB affirmed Grubbs' bad-conduct discharge and, accordingly, denied his appeal. (*Id.* at p. 13).

Grubbs filed the instant suit on August 15, 2023 asserting thirteen claims against the Secretary. (Rec. Doc. 1). Against this procedural backdrop, this Court considers the instant MOTION TO DISMISS, now fully briefed and proper for review.

### Applicable Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a district court's subject matter jurisdiction over claims before it. Federal district courts are courts of limited jurisdiction and possess only such jurisdiction as is expressly conferred upon them by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Dismissal under Rule 12(b)(1) is appropriate "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Shumaker v. Guzman*, 2023 WL 1434276 * 1 (5th Cir. 2023)

(quoting *Home Builders Assn. of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted)).

When considering a Rule 12(b)(1) challenge, the court "'accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr., Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The burden of proving the existence of federal subject matter jurisdiction belongs to the party invoking the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Where, as here, challenges to the Court's jurisdiction are paired with challenges on the merits, courts must first consider matters of jurisdiction before addressing the merits of any claim. *Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014) (citing *Willoughby v. U.S. ex rel. U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013)).

Rule 12(b)(6) permits a party to challenge the merits of claims made against it by demonstrating that the plaintiff fails to state a claim that is "plausible on its face." A claim is plausible on its face where it alleges facts sufficient to support a reasonable inference that the defendant is liable for the alleged conduct. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (internal citations omitted). Facts alleged must "raise the right to relief above the speculative level." *Id.* As is true in consideration of Rule 12(b)(1) motions, courts analyzing challenges under Rule 12(b)(6) accept all well-pleaded facts as true, viewing them in the light most favorable to the nonmoving

party. *Ramming*, *supra*. The benefit of this tenet is not extended to legal conclusions or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)).

<u>Analysis</u>

Grubbs' Complaint asserts thirteen claims against the Secretary. (Rec. Doc. 1). The motion construes Counts 1 and 2 as asserting claims under the APA and Counts 3 through 13 as asserting claims under the FTCA. (Rec. Doc. 13-1 at pp. 5–9). While Count 1 clearly invokes the APA, Count 2 alleges the constitutional tort of violation of procedural due process under the Fifth Amendment. (*Id.* at pp. 6–7). For this reason, Count 2 is properly evaluated under the FTCA.

***Grubbs' APA Claim***

Count 1 of the Complaint alleges a violation of the APA based on the alleged failure to properly consider Grubbs' post-traumatic stress disorder ("PTSD") under the Hagel Memo in its decision denying Grubbs' requested upgrade to his bad-conduct discharge. (Rec. Doc. 1 at p. 6). The Secretary argues that Grubbs failed to assert this claim before the ADRB prior to filing suit and that, even if Grubbs had exhausted administrative remedies as to this claim, his suit is time barred because it was not filed within six years of the final agency action, here, the ADRB's October 22, 2012 denial of review. (Rec. Doc. 13-1 at p. 6).

The record establishes that Grubbs filed his application for review to the ADRB on April 4, 2012. (Rec. Doc. 13-2 at pp. 11-12). In his application, Grubbs complains that the events giving rise to his bad-faith discharge were caused by the actions of a

"replacement squad leader" seeking to exert "authority and power[.]" (*Id.* at p. 12).

Notably, Grubbs does not allege PTSD or mental health issues as a basis for upgrade

of his discharge. (*Id.*).

The APA creates a mechanism for judicial review for "[a] person suffering legal

wrong because of agency action, or adversely affected or aggrieved by agency action

within the meaning of a relevant statute." 5 U.S.C. § 702; *Hinojosa v. Horn*, 896 F.3d

305, 310 (5th Cir. 2018). "Agency action" is construed as a "final agency action," for

which there is no further agency appeal. *Id.*

The Hagel Memo, issued in 2014, directed that all military review boards give

"liberal consideration" to discharge review applications that indicate that mental

health conditions, *inter alia*, may have been "potential mitigating factors" for the

misconduct upon which a less-than-honorable discharge was based. This policy was

later codified by Congress at 10 U.S.C. § 1553.

Grubbs' discharge review application was filed and adjudged in 2012, two years

before the Hagel Memo was issued and did not reference mental health under any

reasonable construction of his allegations. (Rec. Doc. 13-2 at pp. 11–13). Grubbs'

Complaint in the instant suit raises an entirely new basis for discharge review,

alleging a diagnosis of PTSD with accompanying behavioral and psychological

manifestations. (Rec. Doc. 1). Grubbs' failure to present this new basis for discharge

review to any military review board prior to filing this suit results in a failure to

exhaust administrate remedies. This Court notes that Grubbs alleges that he has

applied for review before the ADRB a second time, presenting evidence of his PTSD

diagnosis and its connection to his deployment to Iraq, which application was also denied. (*Id.* at ¶¶ 53–55). Records submitted by the Secretary do not reflect a second application to the ADRB and Grubbs submitted no additional records with his Complaint or in response to the instant motion. A certification of the accuracy of the records provided by the Secretary, uncontested by Grubbs, establishes the completeness of the record before the Court. (Rec. Doc. 13-2 at p. 1). The Secretary concedes that Grubbs has, since the filing of this suit, also applied for relief to the Army Board for Correction of Military Records ("ABCMR"). (Rec. Doc. 13-1 at p. 6, n. 3). To the extent that the Secretary's assertion is accurate, the Court remains without jurisdiction to further consider Grubbs' APA claim, as there is no final agency action by either the ADRB or the ABCMR. Considering the foregoing, the undersigned finds that the Court lacks jurisdiction over Grubbs' APA claim and dismissal without prejudice is appropriate pursuant to Fed. R. Civ. P. 12(b)(1).

### *Grubbs' Fifth Amendment Procedural Due Process Claim*

Count 2 of Grubbs' Complaint alleges that the ADRB's decision affirming his bad-conduct discharge violated his Fifth Amendment procedural due process rights. (Rec. Doc. 1 at ¶¶ 97–107). Grubbs claims his liberty and property interests were infringed upon by his bad-conduct discharge, which has stigmatized him and resulted in his ineligibility for veterans' preference hiring and Veterans Administration benefits. (*Id.* at ¶¶ 103–105).

To successfully state a claim for violation of Fifth Amendment procedural due process, a plaintiff must show a deprivation of a protected liberty or property interest.

*Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Although a servicemember has no protected property interest in continued military employment, where a servicemember alleges the stigmatizing character of his discharge from the military forecloses subsequent employment, a liberty interest is reasonably asserted. *Sims v. Fox*, 505 F.2d 857, 860–62 (5th Cir. 1974); *Canonica v. U.S.*, 41 Fed. Cl. 516, 524 (Fed. Cl. 1998).

As is true of Count 1, Grubbs' Fifth Amendment claim is based on the alleged failure of the ADRB to properly consider his alleged PTSD in its decisions regarding his bad-conduct discharge. Thus, his Fifth Amendment due process claim is based on agency action which has not occurred, since Grubbs has failed to present a PTSD-based discharge review application to any military review board prior to filing suit. There being no final agency action as to Grubbs' claim for PTSD-based discharge review, Grubbs' Complaint fails to state a claim upon which relief may be granted by the Court. Considering the above finding that Grubbs may a new application for discharge review based on his alleged PTSD diagnosis, dismissal of this claim without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) will be recommended.

### Grubbs' Tort Claims

Grubbs' Complaint alleges entitlement to automatic review of his prior denial of relief by the ADRB under the terms of the settlement reached in *Kennedy v. McCarthy*. In that suit, a class was certified consisting of

> All Army, Army Reserve, and Army National Guard veterans of the Iraq and Afghanistan era – the period between October 7, 2001 to present – who:

8

(a)     were discharged with less-than Honorable service characterization (this includes General and Other than Honorable discharges from the Army, Army Reserve, and Army National Guard, **but not Bad Conduct or Dishonorable discharges)**;

(b)     have not received discharge upgrades to Honorable; and

(c)     have diagnoses of PTSD or PTSD-related conditions or record documenting one or more symptoms of PTSD or PTSD-related conditions at the time of discharge attributable to their military service under the Hagel Memo standards of liberal and special consideration.

*Kennedy v. Whitley*, 539 F. Supp. 3d 261, 263–4 (D. Conn. 4/26/21) (quoting *Kennedy v. Esper*, 2018 WL 6727353, *7 (D. Conn. 12/21/18) (emphasis added).[2]

A class-action settlement agreement was approved by the District of Connecticut on April 26, 2021.  (*Id.*).  The settlement divided the class into "Group A," made up of those members of the class who received an adverse decision from the ADRB during the period from April 17, 2011 until the effective date of the settlement. "Group B" is made up of those members of the class who received an adverse decision from the ADRB during the period between October 7, 2001 and April 16, 2011.  (*Id.* at pp. 266–67).  Review of Grubbs' Complaint indicates that Counts 3 through 5 allege his membership in the class and, further, his entitlement to automatic review of his October 22, 2012 adverse decision under the terms applicable to Group A.  (Rec. Doc.

---

[2]     The class action suit referenced by Grubbs was filed as *Kennedy v. McCarthy*, naming as defendant then-Secretary of the Army Ryan D. McCarthy, but was later styled as *Kennedy v. Whitley*, in recognition of McCarthy's successor to that post.

1 at ¶¶ 108–110). These claims are properly construed as tort claims against the Secretary alleging failure to adhere to the terms of the *Kennedy* settlement. (*Id.*).

Grubbs' remaining claims, found in Counts 6 through 13, allege a variety of torts arising from the ADRB's adverse decision and failure to consider his alleged PTSD. Counts 5 through 7, 11, and 13 assert claims for defamation of character, emotional distress, imprudence, and pain and suffering. (Rec. Doc. 1 at ¶¶ 111–12, 116, 118). Counts 8, 9, 10, and 12 seek punitive, compensatory, consequential, and monetary damages and are not substantive. (Rec. Doc. 1 at ¶¶ 113–115).

"Absent a waiver of sovereign immunity, the federal government is immune from suit." *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007). The FTCA grants a limited waiver of sovereign immunity whereby a party can sue the United States for torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *Bodin v. Vagshenian*, 462 F.3d 481, 483 (5th Cir. 2006). Consequently, the FTCA's waiver is strictly construed. *Leleux v. U.S.*, 178 F.3d 750, 754 (5th Cir. 1999).

The Secretary's motion does not address the *Kennedy* settlement terms, instead focusing on the propriety of these claims under the FTCA. First, the motion points out that Grubbs fails to name the United States of America as a party defendant, arguing that Grubbs' claims are, thus, procedurally improper. That the United States is the only proper party defendant for claims asserted under the FTCA is clearly established. 28 U.S.C. § 2679(b)(1); *McLaurin v. U.S.*, 392 F.3d 774, 777 (5th Cir. 2004).

The Secretary next argues that leave to amend the Complaint in this case should be denied because Grubbs has failed to present his tort claims to any agency prior to filing suit and, for this reason, the Court lacks subject matter jurisdiction over them. Moreover, the Secretary points out that Grubbs' claims are time-barred because they were not presented to the appropriate agency within the two-year statute of limitations. (Rec. Doc. 13-1 at p. 10). That the FTCA requires exhaustion of administrative remedies by instructing that all tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" and the suit is filed "within six months after the date of mailing…of notice of final denial of the claim" is also well established. 28 U.S.C. § 2401(b).

As argued by the Secretary, Grubbs' suit fails to name the United States as a defendant, rendering it procedurally improper. (Rec. Doc. 1). This Court also agrees that Grubbs offers no evidence that he presented his tort claims to the appropriate agency prior to filing suit. Conversely, the Secretary offers the declaration of James Green, a Management Support Assistant with the United States Army Claims Service, wherein Green attests that no administrative claims based on allegations of tort have been filed before the Army by Grubbs. (Rec. Doc. 13-3 at p. 1). The failure of a plaintiff to fulfill the FTCA's presentment requirement renders the district court without jurisdiction to hear it. "The requirement is jurisdictional and cannot be waived." *Baker v. McHugh*, 672 Fed. App'x 357, 362 (5th Cir. 2016) (quoting *Emps. Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979)).

Considering the law and jurisprudence, this Court will recommend denial of Grubbs' tort claims found at Counts 3 through 13 without prejudice based on a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## Conclusion

For the reasons discussed herein, the Court recommends that the instant MOTION TO DISMISS (Rec. Doc. 13) filed by Secretary Wormuth be GRANTED such that all claims by plaintiff Darrell Roosevelt Grubbs, Jr. be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) based on the Court's lack of subject matter jurisdiction as to all such claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 17th day of May, 2024.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE